810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty SPENCER, Plaintiff-Appellant,
v.
SECRETARY, HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1893.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1986.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant Betty Spencer ("appellant") appealed the district court's judgment affirming the Secretary's denial of social security disability insurance benefits. The appellant alleged disability due to osteoarthritis, degenerative disc disease, hypertension and depressive neurosis. Her application was denied at all administrative levels inasmuch as her impairments were not "severe" as defined in 20 C.F.R. §§ 404.1520(c) and 404.1521. In reviewing the Secretary's decision, the district court adopted the magistrate's report and recommendation, and determined that substantial evidence existed in the record as a whole to support the Secretary's denial of benefits. On appeal, the appellant charged that the magistrate erred in denying her motion to submit additional medical evidence, and that substantial evidence did not exist in the record to support the Secretary's decision.
 
 
 2
 Upon review of the parties' briefs, applicable legal precedent and the record in its entirety, this court concludes that substantial evidence supports the Secretary's decision, and therefore rejects the appellant's assignments of error. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 3
 EDWARDS, Senior Circuit Judge, dissenting.
 
 
 4
 This is a claim under the Social Security Act by a 46 year-old woman who, at the time of the hearing was, 5"'4"' and weighed 174 pounds. Her claims involved low back pain and trouble with stooping, bending--in fact, any exercise.
 
 
 5
 The case was heard before an ALJ who granted summary judgment for the Secretary after which the District Judge entered the judgment in favor of the Secretary.
 
 
 6
 Over and above the physical evidence, there was some psychiatric evidence that plaintiff has depressive neurosis and suffers from anxiety and tension. While the ALJ recognized that plaintiff had disc disease and depressive neurosis, he also held that the degree of pain she suffered would not preclude her from substantial gainful activity. The record clearly, in my judgment, would have supported a finding of disability. Our question is, however, whether or not the judgment entered by the Secretary is supported by substantial evidence. As of the time the record was closed, it would have been hard to say otherwise.
 
 
 7
 Since then, however, this court was advised at oral argument that plaintiff has had a laminectomy which occurred after her eligibility expired. I believe that the laminectomy and diagnosis upon which it was based should be considered by the Secretary as additional evidence bearing retrospectively upon plaintiff's entitlement to benefits for the period prior to the end of her eligibility. I would remand to the Secretary for that purpose.